IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,805-01






EX PARTE DANIEL ALONZO REYNA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. C-2-007020-0774992-A 

IN THE CRIMINAL DISTRICT COURT 2 OF TARRANT COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of murder, and punishment was assessed at life
imprisonment. Applicant's conviction was affirmed on appeal. Reyna v. State No. 2-02-003-CR(Tex. App. --Fort Worth, delivered February 13, 2003, pet. ref'd.).

 Applicant contends inter alia that trial counsel was ineffective for failing to request
a limiting instruction to limit the jury's consideration of extraneous offense evidence
admitted over defense objection at trial.

 The trial court has entered findings of fact or conclusions of law finding that
Applicant received effective assistance of counsel at trial. However, we do not believe that
those factual findings are sufficient to completely resolve the issues presented. Because
Applicant has stated facts requiring resolution and because this Court cannot hear evidence,
it is necessary for the matter to be remanded to the trial court for resolution of those issues. 
The trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3
(d), in that it may order affidavits, depositions, or interrogatories from counsel or it may order
a hearing. In the appropriate case the trial court may rely on its personal recollection, or upon
the record of the trial proceedings. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to the purpose for which the 
evidence of Applicant's juvenile adjudication was admitted at trial. Then, the court shall
make findings as to whether the jury was instructed that its consideration of the extraneous
offense evidence was limited to the purpose for which the evidence was admitted. If the jury
was not so instructed, the trial court shall make findings as to whether counsel's failure to
request the instruction was the result of reasonable trial strategy. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 18th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.